**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY RAY CARTER, | |
| Petitioner, | Civil Action No. 16-4848 (CCC) |
| v. | **MEMORANDUM OPINION** |
| CHARLES, | |
| Respondent. | |

**CECCHI, District Judge.**

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Anthony Ray Carter. The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 cases through Rule 1(b). It appearing:

1. According to the Petition, Petitioner is a pretrial detainee awaiting disposition of an alleged violation of probation and a charge of third degree burglary in the New Jersey state court. (ECF No. 1 at 1.) Petitioner asserts that he was in jail for another offense when the alleged violation and crime occurred, and that these charges were a case of mistaken identity. (*See id.* at 7.) It also appears that the state court proceedings for these charges are ongoing. (*Id.*) Petitioner seeks to have this Court dismiss the charges against him. (*Id.* at 8.)

2. However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Evans v. Ct. of Common Pleas, Del. Cty, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)). "The rule barring

pretrial intervention into pending state criminal proceedings by way of federal habeas corpus or otherwise is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). "[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Younger*, 401 U.S. at 46. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* "[A]bsent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy' in state court.'" *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (quoting *Younger*, 401 U.S. at 43).

3. Here, Petitioner makes no showing that he lacks adequate remedy in state court. Indeed, nowhere in the Petition does he allege that he raised this defense in state court, and that the state court has rejected his defense. Furthermore, federal law requires a habeas petitioner to exhaust state court remedies before he can seek federal habeas relief, even when the habeas petitioner is a pretrial detainee. *Braden*, 410 U.S. 484, 490-92. While exhaustion does not always require a pretrial habeas petitioner to wait until the conclusion of his state proceedings to assert a federal habeas claim, *id.*, in this case, Petitioner has sought no state remedies at all, falling far short of satisfying the exhaustion requirement by any definition. Without more, the Court must decline jurisdiction over Petitioner's habeas claims pursuant to *Braden* and *Younger*, and the claims are dismissed without prejudice. *See Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (affirming

dismissal of § 2241 petition by a pretrial detainee because his "habeas corpus petition does not present any extraordinary circumstances and is an attempt to litigate constitutional defenses prematurely in federal court").

Dated: November 30, 2016

_____
CLAIRE C. CECCHI, U.S.D.J.